1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ROBERT EUGENE ROJAS,                          No.  2:20-cv-01275-TLN-CKD

12                        Plaintiff,

13           v.                                      ORDER

14    J. LYNCH, et al.,

15                        Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42

18   U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

19   U.S.C. § 636(b)(1).

20          Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a

21   declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

22   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1

I.      **Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II.     **Allegations in the Complaint**

Plaintiff is a mentally ill inmate housed in the Psychiatric Services Unit ("PSU") at California State Prison-Sacramento. ECF No. 9 at 17. He is a participant in the Mental Health

Services Delivery System ("MHSDS") at the enhanced outpatient level of care.  ECF No. 9 at 17.
In his complaint, plaintiff challenges his conditions of confinement; the handling of his mail; his
access to law library materials and educational programs; and the denial of mental health and
medical services between November 1, 2019 and  September 2020.  ECF No. 9 at 5-24.  He
names twenty-seven defendants, but generally fails to identify which defendant(s) were
responsible for each of his twenty separate claims for relief.  In this single complaint, plaintiff
challenges everything that went wrong while he was housed in the PSU during the course of
almost an entire year.  By way of relief, he seeks monetary damages and declaratory relief.  ECF
No. 9 at 25.

###    III.    Legal Standards

###    A.  Linkage Requirement

The civil rights statute requires that there be an actual connection or link between the
actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
(1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a
constitutional right, within the meaning of section 1983, if he does an affirmative act, participates
in another's affirmative acts or omits to perform an act which he is legally required to do that
causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th
Cir. 1978) (citation omitted).  In order to state a claim for relief under section 1983, plaintiff must
link each named defendant with some affirmative act or omission that demonstrates a violation of
plaintiff's federal rights.

###    B.  Joinder of Claims and Defendants

A plaintiff may properly assert multiple claims against a single defendant in a civil action.
Fed. Rule Civ. P. 18.  In addition, a plaintiff may join multiple defendants in one action where
"any right to relief is asserted against them jointly, severally, or in the alternative with respect to
or arising out of the same transaction, occurrence, or series of transactions and occurrences" and
"any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P.
20(a)(2).  However, unrelated claims against different defendants must be pursued in separate

lawsuits.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)."  Id.

### C.  Grievances Are Not Separately Actionable

The existence of a prison grievance procedure establishes a procedural right only and "does not confer any substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citation omitted); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure).  This means that a prison official's action in reviewing an inmate grievance cannot serve as a basis for liability under Section 1983.  Buckley, 997 F.2d at 495.  "Only persons who cause or participate in the violations are responsible.  Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.  A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not."  George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (citations omitted).

### D.  Conditions of Confinement

The Eighth Amendment applies to any claim involving the conditions of his confinement of a prisoner who has already been convicted.  In order for a prison official to be held liable for alleged unconstitutional conditions of confinement, the prisoner must allege facts that satisfy a two-prong test.  Peralta v. Dillard, 744 F.3d 1076, 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837).  The first prong is an objective prong, which requires that the deprivation be "sufficiently serious."  Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (citing Farmer, 511 U.S. at 834).  In order to be sufficiently serious, the prison official's "act or omission must result in the denial of the 'minimal civilized measure of life's necessities."  Lemire, 726 F.3d at 1074.  The objective prong is not satisfied in cases where prison officials provide prisoners with "adequate shelter, food, clothing, sanitation, medical care, and personal safety."

Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)).  "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation.  Johnson v. Lewis, 217 F.3d at 732 ("[m]ore modest deprivations can also form the objective basis of a violation, but only if such deprivations are lengthy or ongoing").  Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9 (1992).  The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim.  Johnson v. Lewis, 217 F.3d at 731.

The second prong focuses on the subjective intent of the prison official.  Peralta, 774 F.3d at 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837).  The deliberate indifference standard requires a showing that the prison official acted or failed to act despite the prison official's knowledge of a substantial risk of serious harm to the prisoner.  Id. (citing Farmer, 511 U.S. at 842); see also Redman v. Cnty. of San Diego, 942 F.2d 1435, 1439 (9th Cir. 1991).  Mere negligence on the part of the prison official is not sufficient to establish liability.  Farmer, 511 U.S. at 835.

### E.    Deliberate Indifference to a Serious Medical Need

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts.  Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the

plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Id., citing Estelle, 429 U.S. at 104.  "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'"  Lopez, 203 F. 3d at 1131-1132, citing McGuckin, 974 F.2d 1059-60.

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  This "subjective approach" focuses only "on what a defendant's mental attitude actually was."  Id. at 839.  A showing of merely negligent medical care is not enough to establish a constitutional violation.  Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.  A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference."  Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have known this to be the case."  Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

**F.    First Amendment Claims**

Under the First Amendment, prisoners have a right to send and receive mail.  Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam).  However, a prison may adopt regulations or

6

practices for inmate mail which limit a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89, (1987).  "When a prison regulation affects outgoing mail as opposed to incoming mail, there must be a 'closer fit between the regulation and the purpose it serves.'" Witherow, 52 F.3d at 265 (quoting Thornburgh v. Abbott, 490 U.S. 401, 412 (1989)).  Courts have also afforded greater protection to legal mail than non-legal mail.  See Thornburgh, 490 U.S. at 413. Isolated incidents of mail interference or tampering will not support a claim under section 1983 for violation of plaintiff's constitutional rights.  See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990); see also Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (emphasizing that a temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights).  Generally, such isolated incidents must be accompanied by evidence of an improper motive on the part of prison officials or result in interference with an inmate's right of access to the courts or counsel in order to rise to the level of a constitutional violation.  See Smith, 899 F.2d at 944.

A prison's interference with legal mail may also violate an inmate's right of access to the courts which is protected by the First Amendment's right to petition the government and the due process clause of the Fourteenth Amendment.  See Snyder v. Nolen, 380 F.3d 279, 290-291 (7th Cir. 2004) (discussing the development of cases concerning a prisoner's right of access to the courts).  Prison officials may not actively interfere with an inmate's right to litigate.  Silva v. Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011), overruled on other grounds by Richey v. Dahne, 807 F.3d 1202, 1209 n. 6 (9th Cir. 2015).  In order to state a claim for the denial of access to the courts, a plaintiff must allege he suffered an actual injury, which is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim.  Lewis v. Casey, 518 U.S. 343, 349 (1996).

**G.  Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2)

7

because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted).  Filing an inmate grievance is a protected action under the First Amendment.  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).  A prison transfer may also constitute an adverse action.  See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (recognizing an arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault as retaliation for filing inmate grievances); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (finding that a retaliatory prison transfer and double-cell status can constitute a cause of action for retaliation under the First Amendment).

### IV.    Analysis

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law.  Plaintiff has improperly joined multiple claims against multiple defendants in this single action.  Multiple claims can only be joined if they are all against a single defendant.  See Fed. R. Civ. P. 18(a).  Joinder of defendants is only permitted if "any right to relief is asserted against them ... with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  In this case, multiple claims are presented against multiple defendants.  The only thing that they share in common is the location where they occurred.  The undersigned finds that plaintiff has improperly joined multiple defendants in a single action.  Rather than determine which claim(s) against which defendant(s) plaintiff may proceed against, the court will allow plaintiff to be the captain of his own ship and make that election in the course of amending his complaint.

The court also finds that plaintiff's complaint must be dismissed for failing to comply with Rule 8 of the Federal Rules of Civil Procedure.  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Many of the allegations in the complaint are unrelated to one another, and it

1    is unduly burdensome to determine which, if any, state a cognizable claim pursuant to 28 U.S.C.

2    § 1915A(b).  In McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996), the Court of Appeal

3    upheld the dismissal of a complaint it found to be "argumentative, prolix, replete with

4    redundancy, and largely irrelevant.  It consists largely of immaterial background information."

5    The Ninth Circuit observed that the Federal Rules of Civil Procedure require a complaint to

6    contain "simple, concise, and direct" allegations.  McHenry, 84 F.3d at 1177.  Plaintiff's

7    complaint illustrates the same "unfair burdens" imposed by complaints "prolix in evidentiary

8    detail, yet without simplicity, conciseness and clarity" which "fail to perform the essential

9    functions of a complaint."  McHenry, 84 F.3d at 1179-80.

10        With respect to the claims challenging the conditions of his confinement, plaintiff does

11   not identify any defendant responsible for these asserted constitutional violations.  Absent such

12   linkage, he fails to state a claim upon which relief can be granted.  Moreover, many of the

13   allegations presented in plaintiff's complaint are "routine discomfort[s] inherent in the prison

14   setting" that do not rise to the level of a constitutional violation.  Johnson v. Lewis, 217 F.3d at

15   732.  In any amended complaint raising challenges to his conditions of confinement, plaintiff

16   must identify the duration of the specific deprivation that he suffered.  See Johnson, 217 f.3d at

17   731.

18        Moreover, to the extent that plaintiff alleges numerous deficiencies in the prison grievance

19   process, these claims are not separately actionable.  See Ramirez v. Galaza, 334 F.3d 850, 860

20   (9th Cir. 2003).

21        For all these reasons, plaintiff's complaint must be dismissed.  The court will, however,

22   grant plaintiff leave to file an amended complaint.

23        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

24   complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

25   Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege

26   specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

27   § 1983 unless there is some affirmative link or connection between a defendant's actions and the

28   claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory

allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V.      Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your complaint and determined that they do not state any claim against the defendants.  Your complaint is being dismissed, but you are being given the chance to fix the problems identified in this screening order.

Although you are not required to do so, you may file an amended complaint within 30 days from the date of this order.  If you choose to file an amended complaint, pay particular attention to the legal standards identified in this order which may apply to your claims.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 10) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."  Failure to file an

10

1   amended complaint in accordance with this order will result in a recommendation that this action

2   be dismissed.

3   Dated:  March 26, 2021

4   _____
    CAROLYN K. DELANEY
5   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11   12/roja1275.14.docx

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28